# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| YUNXIANG LIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-01141-JD |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

Before the Court are Respondents' Response to Show Cause Order [Doc. No. 12] and Notices [Doc. Nos. 13, 14] concerning Petitioner's voluntary departure. The Notice filed on July 10, 2026, and attached exhibit show that Petitioner is no longer in custody. [Doc. Nos. 14, 14-1]. The Court also confirmed non-custody via the relevant public information system. *See* U.S. Immigration and Customs Enforcement, *Online Detainee Locator System*, https://locator.ice.gov/odls/ (last accessed July 11, 2026); *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1213 (10th Cir. 2012) ("The contents of an administrative agency's publicly available files . . . traditionally qualify for judicial notice . . . ."). In the absence of custody, there is no unlawful custody to which a writ of habeas corpus may be directed, so this action is moot. *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006).

Consequently, the Court dismisses the Petition for Writ of Habeas Corpus [Doc. No. 1] as moot and without prejudice. A separate judgment will follow.

2

IT IS SO ORDERED this 13th day of July 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE